UNITED STATES of America, Appellee,

v.

**Richard Lee KNIGHT, Appellant.**

No. 76–1767.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1976.

Decided Dec. 30, 1976.

Rehearing and Rehearing En Banc
Denied Jan. 20, 1977.

Charles M. Shaw, Clayton, Mo., filed brief for appellant.

Barry A. Short, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

## PER CURIAM.

Richard Lee Knight appeals from his conviction, following a retrial,[1] for one count of possessing goods stolen from an interstate shipment, knowing the same to be stolen, in violation of 18 U.S.C. § 659. Appellant was sentenced to six years' imprisonment.

Knight's indictment followed a search of his home that disclosed an organ, an amplifier and a television, all of which had been stolen a short time before from the Riss Trucking Company terminal in St. Louis. The goods had been shipped to Riss from Illinois for delivery to destinations in Colorado and Texas.

Knight asserts three grounds for reversal on this appeal: (1) that the evidence adduced at trial was insufficient to prove that he knew that the goods were stolen; (2) that the District Court[2] erred in instructing the jury as to reasonable doubt; and (3) that the Court further erred in denying his motion to inspect the grand jury minutes. We find no merit to these contentions, and, accordingly, affirm the conviction.

At trial, Bob Birmingham, a Riss employee, testified that he and Jim Guinn, a cartage driver who performed various work for Riss, unloaded the organ and amplifier in question from a trailer on Saturday, June 7, 1975; that those items were left on the Riss terminal's loading dock; that he departed from the terminal at approximately 3:00 p.m., securing all of the terminal doors behind him; and that the items were gone from the dock when he reported for work on the following Monday. Birmingham further stated that he observed no evidence of forced entry, and that he thought the only way entry could have been gained was through the walk-in door.

Jim Guinn testified that he went to the Riss terminal during the early morning hours of June 9, 1975, accompanied by appellant and two other persons; that the party gained entry by rattling one of the terminal doors until a spike which secured it dropped out; that the organ and amplifier were carried away in appellant's pickup truck; and that he observed those items in appellant's home one week later. Guinn also revealed that he had stolen a shipment of televisions from Riss in May, 1975, and that he had pleaded guilty to a charge arising therefrom but had not yet served any time in prison on that conviction.

Testifying in his own defense, appellant stated that he purchased the goods covered by the indictment from Robert Sorrell and that he had no knowledge that they were stolen. Appellant produced a bill of sale, purportedly signed by Sorrell and attested to by Howard Combs. Neither Sorrell nor Combs was produced at trial.

I

Knight contends that the only evidence from which the jury might have found that he knew the goods to be stolen was Jim Guinn's testimony, which he argues was insufficient to satisfy the government's burden of proof as to knowledge because Guinn was an accomplice and a convicted felon, had never been incarcerated on his conviction for stealing televisions from Riss, and his testimony was inconsistent with that of Bob Birmingham. We disagree. It is well settled that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it is not otherwise incredible or unsubstantial on its face. *See, e. g., United States v. Cady,* 495 F.2d 742, 744 (8th Cir. 1974); *Williams v. United States,* 328 F.2d 256, 259 (8th Cir.), *cert. denied,* 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964). We cannot say that Guinn's testimony was incredible or unsub-

1. Knight was earlier tried and convicted for the same offense; we reversed and remanded for a new trial, however, on grounds that evidence of a similar crime was improperly admitted. *United States v. Knight,* 535 F.2d 1059 (8th Cir. 1976).

2. The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri.

stantial. Any inconsistencies in the testimony or lack of credibility on the part of Guinn were matters for the jury to resolve.[3]

## II

The District Court, over appellant's objection, gave the following instruction as to reasonable doubt:

This is a criminal case, as you know. The burden to make out the guilt of the defendant on trial in this case is upon the Government, that burden the Government assumes in the beginning and carries throughout to the end. This burden is met only by showing to you the guilt of the defendant beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

All of the presumptions of the law are in favor of innocence and the defendant is presumed to be innocent until proven guilty. This presumption of innocence attends and protects the defendant throughout the trial. It is met and overcome only by evidence coming forward in the case which shows and establishes the defendant's guilt beyond a reasonable doubt. Unless you find the defendant guilty beyond a reasonable doubt, you shall acquit him.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and *common sense*—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it unhesitatingly. Putting it in another way, a reasonable doubt means a doubt based on reason and not on the mere possibility of innocence.

Appellant contends that the third paragraph of this instruction is defective in that it fails to define reasonable doubt exclusively in terms of *hesitation* to act. *See, e. g., United States v. Williams,* 505 F.2d 947, 948 (8th Cir. 1974); *United States v. Dunmore,* 446 F.2d 1214, 1221–22 (8th Cir. 1971), *cert. denied,* 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972).

■ This contention is without merit. In *United States v. Conley,* 523 F.2d 650, 655 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976), we characterized an identical instruction as being properly couched in terms of hesitation to act, and approved it without reservation. *See also United States v. Kirk,* 534 F.2d 1262, 1279 (8th Cir. 1976).

■ Appellant also asserts that the Court stopped short of adequately defining the meaning and operation of the presumption of innocence and the concept of reasonable doubt, arguing that the jury should additionally have been instructed that the presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied of guilt beyond a reasonable doubt; that a defendant may never be convicted on mere suspicion or conjecture; and that if the jury views the evidence as reasonably permitting either of two conclusions—innocence or guilt—it should find the defendant innocent. We reject this contention. Knight's remaining challenges to the instructions are similarly devoid of merit. The District Court properly conveyed the concepts of reasonable doubt and the presumption of innocence to the jury. That is all that is required. *See Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

## III

Appellant's final contention is that the Court erred in overruling his motion to

---

**3.** While Knight was charged with possession of an *organ,* an amplifier and a television, our examination of the record reveals little concerning the circumstances of the theft of the television and Knight's knowledge that it was stolen. The television was shipped to Riss on June 25, 1975, and thus was not one of the items stolen by Guinn in May, 1975. Knight was charged with possession of all three items in a single count; failure of proof on one item is inconsequential.

inspect the grand jury minutes. He claims that the minutes were needed in order to prepare a motion to dismiss the indictment.

Grand jury minutes may be inspected by a defendant for purposes of preparing a motion to dismiss an indictment only upon a showing of particularized need. *See, e. g., United States v. Ammons,* 464 F.2d 414, 417–18 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253 (1972). Knight's motion to allow inspection recited nothing more than the bare allegation that the minutes were needed to prepare a motion to dismiss. As such, it did not set forth the requisite showing of particularized need. *Id.* Accordingly, we find no error.[4]

Affirmed.

---

**4.** The government represents that no grand jury minutes in this case were ever transcribed, and that there was thus nothing to disclose. Recording of all grand jury proceedings is not, at present, required. *United States v. John,* 508 F.2d 1134, 1142 (8th Cir.), *cert. denied,* 421 U.S. 962, 95 S.Ct. 1948, 44 L.Ed.2d 448 (1975).

It is not clear, however, whether the government means to say that the proceedings were not recorded, or that they were recorded but not transcribed. In any event, we need not pursue that point in view of the absence of a showing of particularized need.