UNITED STATES of America, Appellee,

v.

Olive Eugene JOHNSON, Appellant.

No. 79-1022.

United States Court of Appeals, Eighth Circuit.

Submitted May 1, 1979.

Decided May 4, 1979.

Karl F. Lang, Lang & O'Keefe, St. Louis, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Defendant appeals his jury conviction on Count II of a two-count indictment charging him with obstruction of correspondence in violation of 18 U.S.C. § 1702.[1] He charges insufficiency of the evidence to convict. We affirm.

The undisputed facts are: (1) Wayne A. Warren, who lived at 3825A West Florissant in St. Louis, on occasion received checks in the mail for reimbursement of medical expenses; (2) Ralph Holmes, a co-defendant,[2] lived at 3852 West Florissant in St. Louis; (3) two letters addressed to Warren containing checks were mistakenly delivered to 3852 West Florissant; and (4) the second check was subsequently endorsed "Wayne A. Warren" by defendant and cashed.

The jury found defendant not guilty on Count I and guilty on Count II, which concerned the second check.[3] Defendant appeals his conviction on the single ground that the district court erred in failing to dismiss Count II of the indictment for failure of the government to prove that defendant knew the check he endorsed had been removed from a letter addressed to Wayne A. Warren and mistakenly delivered to the co-defendant, Ralph Holmes.

Specifically, appellant maintains the government failed to prove two facts necessary to convict: (1) That the defendant knew the check in question had been delivered to Holmes, the co-defendant, by mail; and (2) that the defendant knew

Holmes had no proprietary interest in the check or authority to have the check cashed as an agent for someone living at that address.

Defendant claims he did not know the check came in the mail or that it did not belong to Holmes. Defendant maintains (1) he did not know Holmes before this incident; (2) he was gambling with Holmes when Holmes told him he had to cash a check; (3) Holmes asked defendant to sign the check for him, telling defendant that his name was Warren and that his name and address were on the check; and (4) he then signed the check for Holmes and Holmes paid him a little over what he owed him from gambling.

The co-defendant, Ralph Holmes, told a different story. He stated defendant had known him for two years as "Ralph" and that after he received the first check and asked around the neighborhood about the identity of Warren, the defendant came to see him and told him he knew someone who could cash the check and that he would split the money with Holmes. Pertaining to the second check, on which the conviction rests, Holmes testified that when he received the check, he put out the word he wanted to see defendant. Holmes added that defendant came to him, that he gave defendant the letter containing the check, still in the envelope, and that defendant took the letter, returning in approximately an hour with Holmes' share of the proceeds from cashing the check. Holmes explained that he knew the contents of the letter because the check was sent in a plain white envelope and he could see the contents by holding the envelope up to the light.

The knowledge and intent of defendant necessary to sustain the conviction under section 1702 were established by Holmes'

---

**1.** The Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Missouri, presiding, imposed a prison term of five years.

**2.** Holmes testified he plead guilty with regard to one of the checks pursuant to a plea bargain.

**3.** An examiner of questioned documents for the Postal Service was unable to state that the defendant, Warren, or Holmes had signed the first check, but he testified that the endorsement on the second check was signed by defendant and that defendant's fingerprints were on the check. The bank teller who cashed the second check was unable to identify the individual who cashed the check.

testimony, if that testimony were true. *See United States v. Ashford,* 530 F.2d 792 (8th Cir. 1976). Although defendant contradicted Holmes' testimony, it was for the jury to decide which testimony they would credit and which they would discredit. The district court properly allowed the jury to determine the credibility of the witnesses and to resolve the conflicts in the evidence.

Viewing the evidence as we must, in that light most favorable to the jury verdict, it amply supports the jury finding that the evidence was sufficient to show both that defendant knew the check came in the mail and that he knew Holmes had no proprietary interest in the check as either principal or agent. *United States v. Rotchford,* 575 F.2d 166, 175 (8th Cir. 1978). It is well settled that the uncorroborated testimony of an accomplice is sufficient to sustain a verdict if it is not otherwise unsubstantial on its face. *United States v. Hughes,* No. 79–1086 (8th Cir., April 19, 1979); *United States v. Knight,* 547 F.2d 75, 76 (8th Cir. 1976).

Affirmed.