**William TERRY, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

No. 81–1479.

United States Court of Appeals, Eighth Circuit.

Sept. 30, 1981.

**880**

D. Brent Bumpers, Little Rock, Ark., for William Terry.

Steve Clark, Atty. Gen., C. R. McNair, III, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

William Terry appeals the district court's[1] denial of his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Petitioner Terry, an inmate at the Arkansas Department of Corrections, was convicted by a Washington County, Arkansas, state court in 1976 of burglary and theft of property. His conviction was affirmed by the Arkansas Supreme Court and his Rule 37 motion was denied. A previous petition for writ of habeas corpus was dismissed by the district court on October 3, 1978. Terry thereafter filed the instant petition.

The district court denied Terry's petition in a memorandum opinion and order dated March 26, 1981. A certificate of probable cause was granted on April 29, 1981, and counsel was appointed for this appeal. Although Terry raised two points in his petition to the district court, the only issue presented on this appeal is whether there was sufficient evidence to support his felony conviction for theft of property.

Terry was convicted of the charge that he did "unlawfully and knowingly, with the purpose of depriving the owner of his property, take unauthorized control over two (2) Ampex stereo speakers, valued in excess of $100.00, such being the property of L. Peter Frohe, in violation of Ark.Stat.Ann. § 41–2203 * * *." We have reviewed the record and agree that there was sufficient circumstantial evidence from which the jury could infer that Terry did in fact steal two speakers and that they were valued in excess of $100.00.

■ Habeas relief, pursuant to 28 U.S.C. § 2254, can be granted only if it is found upon the record evidence adduced at trial that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1978). Although the evidence of value was not as clear as it might have been, it was not disputed by any other evidence and this court cannot say it was insufficient for any rational trier of fact to have found guilt. Any inconsistencies in the testimony were for the jury to resolve. *United States v. Knight*, 547 F.2d 75, 77 (8th Cir. 1976).

Accordingly, the district court is affirmed.

---

1. The Honorable Elsijane T. Roy, United States District Judge, Eastern District of Arkansas.