UNITED STATES of America, Appellee,

v.

Sidney Ray WILKERSON, Appellant.

No. 82–1625.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 21, 1982.

Decided Oct. 27, 1982.

Thomas E. Dittmeier, U. S. Atty., David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Michael A. Vitale, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.

Before STEPHENSON, Senior Circuit Judge, and ARNOLD and GIBSON, Circuit Judges.

PER CURIAM.

Sidney Ray Wilkerson was charged in an eight-count indictment with conspiracy to counterfeit, the making of a counterfeit plate in violation of 18 U.S.C. § 474, and counterfeiting one hundred dollar and twenty dollar federal reserve notes in violation of 18 U.S.C. § 471. A jury found Wilkerson guilty of all eight counts and the district court[1] sentenced him to a total of seventeen years imprisonment on May 20, 1982. Wilkerson appeals contending that the trial court erred in (1) denying Wilkerson's motion for judgment of acquittal at the close of all the evidence and (2) refusing to give two jury instructions requested by the defense. We affirm the conviction.

At trial Wilkerson's accomplices testified that Wilkerson set up their counterfeiting operation. According to Donald Bateman, Wilkerson called him in November or December 1981, and told him of some printing equipment that was available and could be used for counterfeiting. In mid-December Bateman and another accomplice, Vernon Janes, drove to Arlington, Texas, where Wilkerson lived, to buy the equipment. Wilkerson took Bateman to the printer's shop and bought the equipment using Bateman's money. The equipment was not then available for delivery. It was agreed that Wilkerson would deliver the equipment after New Years.

In early January Wilkerson rented a U-Haul truck and brought the press to Janes' house in Bernie, Missouri. After the equipment was set up, Wilkerson made a plate for printing $100.00 bills. Wilkerson printed the first batch of money while the others cut and dried the bills. Soon after, Wilkerson left the operation to return to Texas. He had car trouble on the way, however, and returned to Janes' house. On his return, he printed more $20.00 bills. When his car was repaired, Wilkerson returned to Texas. Bateman, Janes, and another accomplice, George Ford, continued making and passing the counterfeit bills. The police arrested Ford and Bateman on February 22, 1982. Wilkerson was arrested a few days later.

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

At the close of the government's case, the defense rested and moved for judgment for acquittal pursuant to Rule 29(a), Fed.R. Crim.P. The trial court denied the motion and the case went to the jury. Wilkerson argues that the trial court erred in denying his motion for judgment of acquittal because the accomplice testimony offered by the state was unsubstantial and incredible and hence insufficient to convict him. We do not agree.

■ In reviewing challenges to the sufficiency of the evidence, the court must view the evidence in the light most favorable to the verdict rendered and accept all reasonable inferences from the evidence which tend to support the jury verdict. *United States v. Taylor,* 599 F.2d 832, 837–38 (8th Cir. 1979). Moreover, questions as to the credibility of witnesses and as to the weight to be given their testimony are for the jury and not for the reviewing court. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974). *United States v. Sullivan,* 618 F.2d 1290, 1295 (8th Cir. 1980). Finally, uncorroborated accomplice testimony is sufficient to sustain a conviction if it is not otherwise incredible or unsubstantial on its face. *Unit-*

*ed States v. Anderson,* 654 F.2d 1264, 1270 (8th Cir. 1981); *United States v. Knight,* 547 F.2d 75, 76 (8th Cir. 1976).

■ Wilkerson contends he played a minor role in producing the counterfeit federal reserve notes. However, the record discloses that Wilkerson, who was an experienced printer, made the plates needed to make the counterfeit money.

Wilkerson cites six purported inconsistencies in the evidence to support his contention that the accomplice testimony offered in this case is incredible on its face.[2] We have carefully reviewed the evidence and find these supposed inconsistencies do not seriously undermine the reasonable conclusion that Wilkerson was sufficiently involved in the counterfeiting scheme to be found guilty on all eight counts. The district court properly placed the issue of witness credibility in the hands of the jury. The court did not err in denying Wilkerson's judgment for acquittal motion.

■ Wilkerson next argues the district court erred in giving the government's presumption of innocence instruction instead of his requested instruction.[3] This claim is

---

2. Wilkerson finds most of these inconsistencies in Bateman's testimony. First, Bateman testified he and Wilkerson talked about buying a press in late November, but the press owner said he did not approach Wilkerson with an offer to sell until early December. Second, Bateman said he talked to Wilkerson several times in December about buying the press. Wilkerson asserts the testimony is inconsistent with Bateman driving to Texas a week too early to pick up the press. Third, Bateman testified the print shop where they bought the press was not located near Wilkerson's appliance shop in Arlington, when actually they are connected by a common doorway. Fourth, Bateman's testimony that he was not in the room when Wilkerson negotiated the sale is inconsistent with the seller's testimony that he was. Wilkerson also argues the accomplice testimony places him in the role of "mastermind" which is inconsistent with Bateman promising him some refrigerators if he brought the press to Missouri and the fact that he received very little "real" money for his alleged efforts.

3. The court gave the following instruction:
This is a criminal case, as you know. The burden to make out the guilt of the defendant on trial in this case is upon the Government, that burden the Government assumes in the beginning and carries throughout to the end. This burden is met only by showing to you the guilt of the defendant beyond a reasonable doubt. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.
All of the presumptions of the law are in favor of innocence and the defendant is presumed to be innocent until proven guilty. This presumption of innocence attends and protects the defendant throughout the trial. It is met and overcome only by evidence coming forward in the case which shows and establishes the defendant's guilt beyond a reasonable doubt. Unless you find the defendant guilty beyond a reasonable doubt, you shall acquit him.
It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character

likewise without merit. Wilkerson is not entitled to the instruction of his choice if a proper presumption of innocence instruction is given. The law only requires the court to properly convey the concepts of reasonable doubt and presumption of innocence to the jury. *See Holland v. United States,* 348 U.S. 121, 139–40, 75 S.Ct. 127, 139, 99 L.Ed. 150 (1954); *United States v. Knight, supra,* 547 F.2d at 77. This court has explicitly approved the presumption of innocence instruction the district court gave in this case. *See United States v. Robertson,* 588 F.2d 575, 579 (8th Cir. 1978), *cert. denied,* 441 U.S. 946, 99 S.Ct. 2166, 60 L.Ed.2d 1048 (1979); *United States v. Knight, supra,* 547 F.2d at 77. The court did not err in giving this instruction instead of the one offered by the defendant.

■ Finally, the trial court did not err in giving the accomplice instruction offered by the government. The instruction stated unsupported accomplice testimony may be sufficient to sustain a guilty verdict, but admonished the jury that such testimony should be "received with caution and weighed with great care." Wilkerson's requested instruction was identical except for an additional sentence which read: "You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that unsupported testimony beyond a reasonable doubt." The court did not err in deleting this last sentence.

This court has approved Wilkerson's requested instruction as "an appropriate one" in cases where the government's proof rests primarily on accomplice testimony. *United States v. Runge,* 593 F.2d 66, 71 (8th Cir. 1979); *United States v. Valdez,* 529 F.2d 996, 997 (8th Cir. 1976). The trial court, however, "retains discretion in the matter of instructions and it is sufficient if the instructions given to the jury adequately and correctly cover the applicable law." *United States v. Williams,* 604 F.2d 1102, 1120 (8th Cir. 1979); *United States v.*

*Wyant,* 576 F.2d 1312, 1318 (8th Cir. 1978). The court adequately and correctly instructs the jury on accomplice testimony when they are told to receive such testimony with caution and weigh it with great care. *United States v. Pensinger,* 549 F.2d 1150, 1152 (8th Cir. 1977). *See also United States v. Fulton,* 640 F.2d 1104, 1106 (9th Cir. 1981); *Butler v. United States,* 408 F.2d 1103, 1105 (10th Cir. 1969) (approving similar instructions).

In Wilkerson's case the court warned the jury in two separate instructions to view accomplice testimony with caution and great care. In addition, the court instructed the jury at some length on the government's burden to prove its case beyond a reasonable doubt and on how to judge the credibility of witnesses. We are satisfied that, in considering the instructions as a whole, the jury was adequately instructed on how to view accomplice testimony.

Affirmed.

that you would be willing to rely and act upon it unhesitatingly. Putting it in another way, a reasonable doubt means a doubt

based on reason and not the mere possibility of innocence.