**UNITED STATES of America, Appellee,**

v.

**Douglas MOORE, Appellant.**

No. 83-2173.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1984.

Decided May 15, 1984.

Springfield Baldwin, St. Louis, Mo. (court-appointed), for appellant Douglas Moore.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., James K. Steitz, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

The defendant, Douglas Moore, appeals from a criminal conviction for being a felon in possession of a firearm which had moved in interstate commerce. 18 U.S.C. Appendix, § 1202(a) (1982). We affirm.

The St. Louis Police Department had the home of Joyce Barnett under surveillance because of suspected drug trafficking. On October 15, 1982, several officers went to the house to execute a search warrant for the premises. When they arrived at the house the officers announced their presence and, receiving no answer, forcibly entered the house. Upon entrance, one officer heard a toilet being flushed and assumed that drugs were being flushed down the drain. As the officers went up to the

second floor, the defendant walked out of the bathroom and joined Barnett on the landing. In a bedroom on the second floor the officers found two .12 gauge shotguns. During the course of the raid, the officers found and seized illegal drugs. While at the house, the defendant was arrested and given Miranda warnings. Despite these warnings, the defendant told the officers that the shotguns belonged to him. At the police station, another officer read Miranda warnings to the defendant. The defendant signed a "waiver of rights" form and once again stated that the guns belonged to him.

The defendant pleaded guilty to a state narcotics charge arising from the raid on Barnett's home. He was charged in federal court with being a felon in possession of a firearm that had moved in interstate commerce. At trial, the defendant took the stand in his defense. During his testimony, he withdrew his previous admissions and denied that the guns were his. The defendant told the jury that he had assumed responsibility for the guns in order to protect Barnett. On cross-examination the defendant testified that, while he lived elsewhere, he spent two or three nights a week at Barnett's home and sometimes ate meals there. He also admitted that he had five previous convictions, some of which were for illegal possession of drugs.

■ The defendant claims, in general, that he was tried unfairly because the government repeatedly introduced evidence of his connection with drug related activities, which was irrelevant to the charge for which he was tried, i.e., illegal possession of a firearm. The defendant raises several specific incidents under this general claim for our consideration. At the threshold we note that a jury verdict must be sustained if, taking the view of the evidence most favorable to the government, it is supported by substantial evidence in the record. *United States v. Todd*, 657 F.2d 212, 216 (8th Cir.1981), *cert. denied*, 455 U.S. 926, 102 S.Ct. 1288, 71 L.Ed.2d 469 (1982).

■ The defendant argues that the trial court erred by letting the government

establish that he had been arrested in the course of a drug raid. Generally, evidence of other crimes committed by a defendant is inadmissible. *United States v. Oliver*, 525 F.2d 731, 739 (8th Cir.1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976); *Fed.R.Evid.* 404(b). However, one of the exceptions to the general rule permits the introduction of evidence of other criminal activity for the purpose of providing the context in which the crime occurred, i.e., the *res gestae*. *Carter v. United States*, 549 F.2d 77, 78 (8th Cir.1977). A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge. *United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980). It was not error to allow the government to establish the context in which the defendant was arrested.

■ At trial, an officer testified that, upon entering the house, he heard a toilet being flushed and moments later the defendant emerged from the bathroom. The defendant argues that it was error to allow this testimony because the clear inference was that the defendant had flushed drugs down the toilet. We think it was improper for the government to raise this inference; it was irrelevant to the crime charged and it was not a necessary element of the context in which the defendant was arrested. *See United States v. Beardslee*, 609 F.2d 914, 918 (8th Cir.1979). However, given the evidence of the defendant's involvement in drug related activity, which was properly admitted, we think the error was harmless. *Fed.R.Crim.P.* 52(a).

■ Defendant also claims that his case was prejudiced because, on cross-examination of Barnett, the government was allowed to establish that drugs had been seized during the raid on her house and that she was on probation for a conviction which had resulted from that raid. Also, the government was allowed to pursue a

line of questioning which inferred that Barnett was a drug dealer. The argument is without merit. Under *Fed.R.Evid.* 609(a), the government was entitled to attack Barnett's credibility by establishing both the fact and the nature of her prior conviction.

Defendant also claims that it was reversible error for the government to elicit from him during cross-examination the fact that he had been convicted previously for drug offenses, and that two of those convictions had stemmed from the raid on Barnett's home. This argument is without merit. Once the defendant became a witness on his own behalf, the government was entitled to impeach his testimony and attack his credibility with the fact and the differing natures of his prior convictions. *Fed.R.Evid.* 609(a).

Defendant argues that his case was prejudiced because during closing arguments the government had twice remarked that the defendant's involvement in drugs was the reason he had shotguns in his possession. In its brief, the government responds that the argument was proper because it was relevant. We disagree. The fact that the defendant possessed drugs does not necessarily make it likely that the guns found during the raid were his. However, because the defendant failed to object to this error at trial he must establish that these remarks affected substantial rights, resulting in a miscarriage of justice. *United States v. Librach,* 536 F.2d 1228, 1231 (8th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976); *Fed.R.Crim.P.* 52(b). We do not condone this type of behavior on the part of the prosecution. Nevertheless, given the substantial evidence which was properly before the jury, we cannot say that the prosecutor's remarks prejudicially affected the defendant's substantial rights.

As a second general issue, defendant argues that, aside from his admissions, the government failed to adduce any proof of the crime and thus, did not establish defendant's guilt beyond a reasonable doubt. A defendant's extrajudicial admissions of essential facts or elements of a crime are of the same character as confessions and thus, to lead to a conviction, must be corroborated by "substantial independent evidence." *Opper v. United States,* 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954); *Todd,* 657 F.2d at 216 (8th Cir.1981). The government is required to present evidence which supports the essential facts admitted by a defendant, and which is sufficient to justify an inference that a defendant's statements are true. *Id.* In this case, the guns were in a house which the defendant frequently visited and in a bedroom in which the defendant had been sleeping. These facts are sufficient to justify the inference that the defendant was telling the truth when he told officers that the guns were his.

As a third general issue, the defendant argues that the trial court committed prejudicial error by reading the language of the indictment to the jury, and by informing the jury that he had been convicted previously for a drug offense and thus was a felon under Missouri law. The indictment contained the fact that the defendant had been convicted previously, a necessary element of the crime, and also revealed that the prior conviction had been for possession of drugs. During trial defendant offered to stipulate as to the prior conviction and the government had accepted the offer. The defendant argues that the trial court erred by bringing the nature of the defendant's previous conviction to the jury's attention.

Once informed of the stipulation of counsel, the trial court should have read the indictment to the jury without reference to the nature of his previous conviction. *United States v. Turner,* 565 F.2d 539, 541 (8th Cir.1977). However, since being a felon is a basic factor of the criminal charge the government should be able to show the nature of the conviction. We do not feel that this error, if any, was prejudicial because the prosecution properly had made the jury fully aware of both the fact and nature of this previous conviction during its cross-examination of the de-

fendant. *United States v. Kemper*, 503 F.2d 327, 330 (6th Cir.1974), *cert. denied*, 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 824 (1975).

■ During its charge, the court instructed the jury as to the government's burden of proof. The instruction given is one which has been approved of previously by this court. *United States v. Robertson*, 588 F.2d 575, 579 (8th Cir.1978), *cert. denied*, 441 U.S. 946, 99 S.Ct. 2166, 60 L.Ed.2d 1048 (1979); *United States v. Knight*, 547 F.2d 75, 77 (8th Cir.1976). The instruction, in pertinent part, should read as follows:

> A reasonable doubt is the doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it *unhesitatingly*.

*Knight*, 547 F.2d at 77 (emphasis added). The trial transcript reveals that the instruction given tracked the language of this excerpt verbatim, with this exception: "[p]roof beyond a reasonable doubt must, therefore, be proof of such a convincing character that you would be willing to rely and act upon it *hesitatingly*." The defendant claims that this error is prejudicial and requires reversal. This obviously was either an error in transcription or a slip of the tongue.

We review the instruction as a whole, without isolating a single phrase or sentence. *United States v. Fallen*, 498 F.2d 172, 177 (8th Cir.1974). Under this standard, we cannot conclude that the error, if any, was prejudicial. First, it is not clear that this error is anything more than a typographical error. The instruction was given by an experienced trial judge who is also a seasoned lawyer; it was given without objection by defense counsel; and it was given in open court in front of yet a third attorney—the prosecutor. It is likely that, if indeed it occurred, one of these people would have caught the error. Second, the instruction repeatedly emphasized

that the government had the burden of proof, and provided three alternate definitions of reasonable doubt. Finally, if the error was a transcription error, it could not have been relied on by the jury as the transcript became available only after trial.

■ Finally, the defendant argues that the cumulative effect of all these errors requires that he be granted a new trial. We disagree. Because the government properly had made the jury aware of the natures of defendant's prior convictions during cross-examination of his testimony, because other evidence linking the defendant with drugs was properly before the jury under a theory of *res gestae* and as a result of the impeachment of Barnett's testimony, and because of the defendant's two admissions of guilt, we do not think any of the criminal trial errors affected the substantial rights of the defendant and require reversal.

Affirmed.