**UNITED STATES of America, Appellee,**

v.

**Joe HARRIS, Appellant.**

**No. 92–1100.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 5, 1992.

Decided Sept. 4, 1992.

---

Lee Lawless, St. Louis, Mo., argued, for appellant.

Kenneth R. Tihen, St. Louis, Mo., argued (Stephen B. Higgins and Kenneth R. Tihen, on the brief), for appellee.

Before McMILLIAN, BOWMAN, and HANSEN, Circuit Judges.

BOWMAN, Circuit Judge.

Joe Harris appeals his conviction and sentence on drug-related conspiracy and distribution charges. For reversal of his conviction, he argues that the District Court[1] deprived him of due process by improperly instructing the jury on the government's burden of establishing guilt beyond a reasonable doubt. As to the sentence, Harris contends that the District Court erred in denying him a two-level reduction for his role in the offense. We affirm.

■ We turn first to the challenged instruction. Over Harris's timely objection, the District Court read to the jury Eighth Circuit Model Instruction 3.11, which defines "reasonable doubt" as follows:

A reasonable doubt is a doubt based upon reason and common sense, *and not the mere possibility of innocence.* A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth

Circuit, Jury Instruction 3.11 (1989) (emphasis added). Harris attacks the first sentence of this instruction. Specifically, he argues that the phrase "and not the mere possibility of innocence" tended to lower impermissibly the government's burden of proof. We disagree.

In *United States v. Wilkerson*, 691 F.2d 425 (8th Cir.1982) (per curiam), we rejected the defendant's attack on a substantially identical instruction defining reasonable doubt. Like the instruction in the present case, the instruction in *Wilkerson* defined reasonable doubt not only in terms of a doubt sufficient to make a reasonable person hesitate to act, but also as being a doubt based on reason "and not the mere possibility of innocence." *Wilkerson*, 691 F.2d at 427 n. 3. We held that the trial court did not err in giving this instruction. In doing so, we relied upon our prior decisions to the same effect in *United States v. Robertson*, 588 F.2d 575, 579 (8th Cir.1978), *cert. denied*, 441 U.S. 946, 99 S.Ct. 2166, 60 L.Ed.2d 1048 (1979); and *United States v. Knight*, 547 F.2d 75, 77 (8th Cir.1976). Equally applicable is *United States v. Conley*, 523 F.2d 650, 655 (8th Cir.1975), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1976), in which we upheld an instruction that, like the instruction in the present case, defined reasonable doubt in terms of hesitation to act, but added that "a reasonable doubt means a doubt based on reason and not the mere possibility of innocence." In approving the instruction, we specifically adverted to the sentence of the instruction that contained the phrase "and not the mere possibility of innocence." *Conley*, 523 F.2d at 655.

■ We are persuaded that these prior decisions of our Court foreclose Harris's attack on the reasonable doubt instruction given here. Moreover, as a matter of principle, we are satisfied that these prior decisions are correct. The instructions at issue in these prior decisions, like the instruction given in this case, informed the jury that a reasonable doubt is a doubt that would

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

cause a reasonable person to hesitate to act, but that the government's proof need not be so overwhelming as to exclude all lesser doubt about the defendant's guilt. This is a correct statement of the law. *See Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954); *United States v. Schubel*, 912 F.2d 952, 955 (8th Cir.1990). It follows that in this case the District Court did not err in giving the challenged instruction on reasonable doubt.

We next consider Harris's sentencing issue. Claiming that he was only a minor participant in the charged offenses, he argues that the District Court erred in failing to award him a two-level reduction in his offense level pursuant to United States Sentencing Commission, *Guidelines Manual*, § 3B1.2 (Nov. 1990). Describing himself as "a mere middleman" in the distribution scheme on which his conviction is based, he argues that he is less culpable than his supplier and co-defendant, Robert Bishop, the only other known participant in the charged criminal activity.

█ Whether a defendant qualifies for a reduction in his offense level as a minor participant is treated as a question of fact; we examine the trial court's determination in this regard under the clearly erroneous standard of review. *United States v. Wilson*, 955 F.2d 547, 551 (8th Cir.1992).

█ On this record, we cannot conclude that the District Court clearly erred in declining to find that Harris was a minor participant. Although Bishop was Harris's source for cocaine, it was Harris who personally dealt with an undercover narcotics detective in arranging for each of eight separate distributions of cocaine that are the basis for the charges in this case. "The fact that another participant supplied the drugs does not mean that [Harris's] role was only minor." *United States v. Ellis*, 890 F.2d 1040, 1041 (8th Cir.1989). In addition to arranging the sales of the cocaine, Harris negotiated the purchase price to be paid by the detective; placed phone calls to inform him that Harris had obtained the cocaine and was ready to proceed with the transaction; on several occa-

sions guided the detective to Bishop's apartment, where the cocaine for at least some of the transactions was obtained; handled the cash for the transactions; and delivered the cocaine to the detective. Although this is not a complete summary of Harris's role in the offenses of conviction, it is sufficient to show that the District Court's finding on the question whether Harris was a minor participant is not clearly erroneous.

The judgment of the District Court is affirmed.