STATE OF NEBRASKA, APPELLEE, V. DALE R. GATSON, APPELLANT.

505 N.W.2d 696

Filed September 24, 1993.   No. S-91-1192.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.
Defendant, Dale R. Gatson, was charged in the Douglas County District Court with second degree murder for beating Dwayne Hill to death with a bumper jack. Following a jury trial, he was convicted of manslaughter and use of a deadly weapon to commit a felony. He appealed, claiming the jury instructions on reasonable doubt and intent were improper. The Nebraska Court of Appeals found the instructions did not prejudice Gatson or adversely affect a substantial right and affirmed the conviction. We granted Gatson's petition for further review.

## FACTS
On the night of March 15, 1991, Dale Gatson and his brother, Alex Gatson (Alex), presented themselves at a house in Douglas County. Earlier that evening, Alex had attempted to remove his son from the house but was turned away. Upon returning with Gatson, Alex now threatened to break into the house to get his son. Alex told Gatson he overheard the occupants say the police

had been called. Knowing there was no telephone in the house, Gatson moved to the rear of the house, where he encountered the victim, Hill, who struck Gatson in the head with a metal rod, causing Gatson to bleed. Alex came around from the front of the house carrying a bumper jack. Gatson took the bumper jack from Alex and chased Hill into a neighbor's yard, where Hill fell. An occupant of the house testified she saw Gatson strike Hill's face three times with the bumper jack while Hill was lying on the ground, face up, with his arms out.

An officer who interviewed Gatson testified that Gatson stated he had hit Hill in the head three times with the bumper jack and that he was going to make sure Hill was dead, but Alex had pulled him away. Gatson testified that he was afraid when Hill hit him in the head, but that he did not try to run away and did not think he could flee. He also stated that he believed Hill would have killed him if given the opportunity.

At trial, the instructions given to the jury included the alleged erroneous instructions on reasonable doubt and intent. Gatson was convicted of manslaughter, Neb. Rev. Stat. § 28-305 (Reissue 1989), and use of a deadly weapon to commit a felony, Neb. Rev. Stat. § 28-1205 (Reissue 1989). He was sentenced to prison terms of 5 to 10 years on the manslaughter conviction and 3 to 10 years on the weapons conviction, to be served consecutively. On appeal, the Court of Appeals found no error in the jury instructions provided by the lower court and affirmed the conviction.

## STANDARD OF REVIEW

In an appeal of an action based on a claim of erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *State v. Messersmith*, 238 Neb. 924, 473 N.W.2d 83 (1991). In considering claimed error regarding an instruction, all instructions given must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal. *State v. Williams*, 239 Neb. 985, 480 N.W.2d 390 (1992). See,

also, *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991).

### REASONABLE DOUBT

Gatson asserts that the court erroneously instructed the jury on reasonable doubt. He argues that the last sentence of the reasonable doubt instruction diminishes or trivializes the constitutionally required standard of proof beyond a reasonable doubt. The complete instruction states:

> A reasonable doubt is one based upon reason and common sense after careful and impartial consideration of all the evidence. A reasonable doubt may arise from evidence adduced by either party or from a lack of evidence on the part of the State. *However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.*

(Emphasis supplied.)

In order to comport with the Due Process Clause of the 14th Amendment, criminal convictions may be had only upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which a defendant is charged. *State v. Morley, supra.* See, also, *State v. Garza*, 241 Neb. 934, 492 N.W.2d 32 (1992). When a court improperly defines reasonable doubt in its jury instructions, due process is not achieved. *Id.*

The section of the instruction Gatson objects to does not diminish the degree of proof below that required by the Due Process Clause. Gatson cites *Cage v. Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990), where the Supreme Court reviewed an instruction which defined reasonable doubt as

> "one that is founded upon a real tangible substantial basis and not upon mere caprice and conjecture. *It must be such doubt as would give rise to a grave uncertainty*, raised in your mind by reasons of the unsatisfactory character of the evidence or lack thereof. A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.* It is a doubt that a reasonable man can seriously entertain. What is required is not an absolute or mathematical certainty, but a *moral certainty*."

(Emphasis in original.) 498 U.S. at 40 (quoting *State v. Cage*,

554 So. 2d 39 (La. 1989)).

The questioned instruction in *Cage* contained a statement which is similar to the one being challenged by Gatson: "A reasonable doubt is not a mere possible doubt." However, the Court did not disapprove of the instructions on that ground.

The Court considered how the jury would have understood the instruction as a whole. The Court disapproved of that language which it found diminished the degree of proof required to convict the defendant. The Court cited those portions of the instruction which equated reasonable doubt with " 'grave uncertainty' " and an " 'actual substantial doubt' " in reference to a moral certainty, as opposed to an evidentiary certainty. 498 U.S. at 41. It found that a reasonable juror "could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." *Id.* The Court concluded the instruction violated the Due Process Clause of the 14th Amendment, but no reference was made to the language at issue in this case.

## REASONABLE DOUBT NOT MERE POSSIBLE DOUBT

The sentence "[a] reasonable doubt is not a mere possible doubt" immediately precedes the language the Court found constitutionally offensive: "A reasonable doubt is not a mere possible doubt. *It is an actual substantial doubt.*" (Emphasis in original.) 498 U.S. at 40. Yet, the Court did not address the first sentence. The Court focused only on certain language. While the Court reviewed the instruction as a whole, it made specific reference to the language it found diminished the burden of proof necessary under the Due Process Clause. The Court did not find the sentence "[a] reasonable doubt is not a mere possible doubt" offensive to the Due Process Clause.

## PROOF BEYOND ALL POSSIBLE DOUBT

Subsequent to *Cage*, other courts have upheld instructions containing the language which Gatson challenges. In *U.S. v. Harris*, 974 F.2d 84 (8th Cir. 1992), the instruction at issue was used. It was taken from the manual of model criminal jury instructions for the district courts of the Eighth Circuit. Although the defendant in *Harris* attacked another section of the instruction, it included exactly the same statement Gatson

now challenges, "proof beyond a reasonable doubt does not mean proof beyond all possible doubt." *Id.* at 85. Reviewing the instructions as a whole, the court held it did not impermissibly lower the government's burden of proof. In *U.S. v. Daniels*, 986 F.2d 451, 456 (11th Cir. 1993), the court upheld the instruction although it included language which stated it was " 'not necessary that the defendant's guilt be proved beyond all possible doubt.' "

This court recently approved instructions which included similar language. In *State v. Morley*, 239 Neb. 141, 474 N.W.2d 660 (1991), decided after *Cage*, this court approved an instruction which stated in part that a reasonable doubt was an actual and substantial doubt, language rejected in *Cage*. This court reasoned that the questioned instruction did not equate a reasonable doubt with a grave doubt, as did the instruction in *Cage*. Like the courts in *Daniels* and *Harris*, this court noted that the questioned instruction merely advised that a reasonable doubt is such "as would cause a person 'to pause and hesitate' when considering one of the 'graver and more important transactions of life.' " *Morley*, 239 Neb. at 155, 474 N.W.2d at 670.

Although no such language is included in the instructions at issue in this case, we find it inconsequential. What is important is that the standard of proof required of the State is not lowered. We find the challenged instruction did not lower the standard by raising the level of doubt necessary to acquit Gatson. The questioned instructions merely informed the jurors that proof beyond a reasonable doubt did not require removal of all possible doubt.

## INTENT

Gatson also objects to part of the jury instruction on intent which reads: "Intent is a mental process, and it therefore generally remains hidden within the mind where it is conceived. It is rarely, if ever, susceptible of proof by direct evidence." Gatson maintains this instruction may create a conclusive presumption in regard to intent by emphasizing the State's circumstantial evidence. This court approved this instruction in *State v. Beard*, 221 Neb. 891, 381 N.W.2d 170 (1986). However,

one of the sentences at issue is found in the official reports, but not the unofficial reports, which apparently caused some confusion in briefing. In *Beard*, we upheld a jury instruction containing exactly the same language objected to in this case. We held that the instruction made no presumptions, but, rather, accurately described the nature of intent and how it is proved.

For reasons set forth in the foregoing discussion, we find there is no merit to Gatson's second assignment of error.

## CONCLUSION

The decisions of the trial court and the Court of Appeals were correct. Viewed as a whole, the instruction on reasonable doubt does not diminish the State's burden of proof. The instruction merely advises the jury that absolute certainty is not required in order to convict Gatson. In addition, the instruction on intent does not place undue emphasis on circumstantial evidence. Therefore, the decision of the Court of Appeals is affirmed.

AFFIRMED.