**UNITED STATES of America, Appellee,**

v.

**Larry J. DUNCAN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Lois Jean DUNCAN, Appellant.**

**Nos. 93–3900, 93–3903.**

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1994.

Decided July 13, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 22, 1994.

R. Steven Brown, Springfield, MO, argued (Raymond C. Conrad, Jr. and R. Steven Brown, on the brief), for appellant Larry Duncan.

Michael Baker, Springfield, MO, argued for appellant Lois Duncan.

John Daniel Stewart, Kansas City, MO, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

HEANEY, Senior Circuit Judge.

Larry J. Duncan and Lois Jean Duncan were convicted of eleven counts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. They were each sentenced to 24 months imprisonment.

The Duncans both contend that there was insufficient evidence to prove that they knowingly devised or intended to devise a scheme to defraud and that the district court erred in giving a deliberate ignorance instruction to the jury. Lois Duncan also contends that the court erred in calculating her sentence by refusing to decrease her offense level based on her minimal or minor role in the offense. *See* U.S.S.G. § 3B1.2. We affirm on all issues.

■ The Duncans first challenge the sufficiency of the evidence that they intended to defraud investors in their business of manufacturing and leasing chiropractic equipment. They assert that they ran their business in good faith and that any actions they took during the course of their business add up to nothing more than bad business decisions. They support their position by pointing to several factors. First, the investors they dealt with were well-educated people who had experience in investing. Second, the investors who chose the monthly payment

plan received dividends in the amount of $1,097,875. Finally, several investors testified that they continued to believe Larry Duncan was an honest businessman and did not intend to defraud them.

On review, this court must view the sufficiency of the evidence in a light that is most favorable to the government. *United States v. Long*, 952 F.2d 1520, 1524–25 (8th Cir. 1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992). We give the government the benefit of all reasonable inferences that may be drawn from the evidence. *United States v. Robinson*, 774 F.2d 261, 278 (8th Cir.1985). After reviewing the evidence in this light, we conclude that a jury could have reasonably determined that the Duncans knowingly devised and participated in a scheme to defraud their investors.

The government argues that the Duncans participated in a scheme to defraud their investors because they induced them to invest large amounts of money in the business by making numerous misrepresentations to them, resulting in a loss to investors of 1.4 million dollars. We agree. The Duncans gave investors a written prospectus in which they falsely stated that investments in the Duncans' equipment would be insured. The Duncans assured their investors high interest rates (15% or 25%) made possible by leasing chiropractic equipment to chiropractors at even higher interest rates. Despite these assurances, the Duncans sold the leases to financial institutions, thus diverting the payment stream from chiropractors and making it impossible to pay the high interest rates or return the principal promised to the investors. The Duncans also told the investors that the business was doing well when in fact the Duncans knew that serious financial difficulties were occurring. Their accountant testified that she warned them that their checks were continually bouncing, no banks

would finance them, and IRS employee withholding payments were past due. Moreover, Larry Duncan testified that he considered filing for bankruptcy. Finally, the Duncans did not tell their investors about the impending sale of their businesses under conditions that made it highly unlikely that investors in the equipment leasing business would ever get their money back. We find the evidence sufficient to support the Duncans' convictions.

■ We next consider the Duncans' contention that the district court erred in giving the willful blindness instruction.[1] The Duncans argue that this instruction should not have been given because there was no evidence that they had consciously and purposely avoided enlightenment nor was there any evidence to support an inference of deliberate ignorance. We disagree.

■ A willful blindness instruction is appropriate when the defendant asserts a "lack of guilty knowledge, but the evidence supports an inference of deliberate ignorance." *United States v. Long*, 977 F.2d 1264, 1271 (8th Cir.1992) (internal quotations omitted). "In reviewing a district court's decision to give a willful blindness instruction, we must review the evidence and any reasonable inference from that evidence in the light most favorable to the government." *Id.* (internal quotations omitted). "We review the district court's decision to give a willful blindness instruction under the clearly erroneous standard." *Id.*

We agree with the government that even though the Duncans assert a "lack of guilty knowledge" regarding the representations made to their investors, the evidence at trial indicates otherwise. We are unpersuaded that the Duncans had a "lack of guilty knowledge" when their accountant warned them

---

1. The court used the instruction from *United States v. Gruenberg*, 989 F.2d 971, 974 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993).

The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his or her eyes to what would otherwise have been obvious to him. A finding beyond reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. It is entirely up to you as to whether you find any deliberate closing of the eyes and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge.

about extreme financial difficulties. They knew their checks bounced regularly, and no banks would finance them. Moreover, Larry Duncan testified that he considered filing for bankruptcy. Viewing the record as a whole, the district court did not err in giving the willful blindness instruction.

█ Finally, Lois Duncan appeals the calculation of her sentence under the sentencing guidelines. She contends that the district court erred in refusing to decrease her offense level based on her "minimal" or "minor" role in the offense. *See* U.S.S.G. § 3B1.2. She asserts that the court ignored the lack of evidence that she performed anything more than administrative duties and clerical work. We review the district court's determination that she was not a minor or minimal participant under the clearly erroneous standard. *United States v. Harris,* 974 F.2d 84, 86 (8th Cir.1992).

The district court found that Lois's role in the offense was more than minor because she was in charge of managing the investors' money and handling the finances of the company. Moreover, she was also involved with selling the leases to many investors and was a party to the numerous misrepresentations made to them. We conclude that the district court did not err in declining to reduce her offense level.

Accordingly, we affirm the judgment of the district court.