_____

No. 95-2910
_____

United States of America,        *
                              *
      Appellee,           *
                              *  Appeal from the United States
    v.                    *  District Court for the
                              *  Western District of Missouri.
Robert J. Smith, Jr.,        *
                              *       **[UNPUBLISHED]**
      Appellant.        *

_____

Submitted: April 4, 1996

Filed: April 8, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Robert Smith pleaded guilty to conspiring to distribute and possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). The district court[1] sentenced him to 151 months imprisonment and three years supervised release. Smith appeals, and we affirm.

On appeal, Smith argues the district court erred in denying him a minor-participant role reduction under U.S.S.G. § 3B1.2. Section 3B1.2 provides "a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd.). A "minor participant" is one "who is less

_____

[1]The HONORABLE ELMO B. HUNTER, United States District Judge for the Western District of Missouri.

culpable than most other participants." U.S.S.G. § 3B1.2, comment. (n.3). The district court's denial of a minor-participant reduction will not be reversed unless it is clearly erroneous. See <u>United States v. Rayner</u>, 2 F.3d 286, 288 (8th Cir. 1993).

After carefully reviewing the record, we conclude the district court did not clearly err by denying Smith the role reduction. Smith arranged a large-scale crack transaction, made the necessary telephone calls, accompanied the source to the transaction, and received compensation. The fact that he did not supply the crack himself does not mean that his role was only minor. See <u>United States v. Harris</u>, 974 F.2d 84, 86 (8th Cir. 1992).

Smith also argues that a criminal history category of IV over-represented the seriousness of his past criminal conduct, and that the district court therefore erred in refusing to depart downward at sentencing under U.S.S.G. § 4A1.3. Because the record shows the district court was aware of its authority to depart from the Guidelines range of 151-188 months, its discretionary decision not to do so is unreviewable. See <u>United States v. Hall</u>, 7 F.3d 1394, 1396 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.