# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3440

_____

United States of America,         *
                             *

    Plaintiff-Appellee,      *
                             *

                             * Appeal from the United States
   v.                        * District Court for the
                             * Eastern District of Missouri
                             *

Vernell Butcher             * [UNPUBLISHED]
                             *

    Defendant-Appellant.    *

_____

Submitted: April 10, 2001
Filed:  July 5, 2001

_____

Before LOKEN, Circuit Judge, and GOLDBERG[1] and BOGUE,[2] Judges.[3]

_____

PER CURIAM.

_____

[1]The Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

[2]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a judicial emergency necessitating the designation of a panel consisting of fewer than two members of the Court of Appeals.

Appellant, Vernell Butcher, was convicted by a jury on June 13, 2000, of being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1) (1994). Butcher received a 300-month sentence and a five-year supervised release term.

Butcher appeals the decision of the district court[4] to deny his motion for a mistrial based on the allegedly improper remarks made by the government prosecutor during closing argument. Additionally, Butcher claims that the district court's use of the Eighth Circuit's Reasonable Doubt Jury Instruction impermissibly lowered the government's burden of proof. We affirm the decision of the district court.

After a careful examination of the record, this Court finds that the trial court did not commit error by denying Butcher's motion for a mistrial, see United States v. Wadlington, 233 F.3d 1067, 1077 (8th Cir. 2000) (In assessing the prejudicial impact of potential prosecutorial misconduct, the Court considers (1) the cumulative effect of the misconduct, (2) the strength of the properly admitted evidence, and (3) the curative actions taken by the district court), or by giving the jury the Eighth Circuit's Reasonable Doubt Jury Instruction. See United States v. Harris, 794 F.2d 84, 85 (8th Cir. 1992)(Eighth Circuit's explicit approval of Reasonable Doubt Jury Instruction). Under Eighth Circuit Rule 47B, no further commentary is warranted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4] The Honorable Donald J. Stohr, District Judge, United States District Court for the Eastern District of Missouri.