KELLY, Circuit Judge,
dissenting.
Upon review of a judgment of acquittal, a jury’s verdict may be reversed only if “no reasonable jury could have found the defendant guilty beyond a reasonable doubt.” United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir.2004) (quoting United States v. Frank, 354 F.3d 910, 916 (8th Cir.2004)). As the court states, in conducting this review we view all evidence in the light most favorable to the government and accept all reasonable inferences in support of the jury’s verdict. United States v. Boesen, 491 F.3d 852, 855-56 (8th Cir.2007). Though this is a strict standard that requires a great deal of deference to the jury’s fact-finding, it still requires that there be “an interpretation of the evidence that would allow a reasonable minded jury to find the defendant ] guilty beyond a reasonable doubt.” Id. at 856 (alteration in original) (emphasis added) (quoting United States v. Oberhauser, 284 F.3d 827, 829 (8th Cir.2002)). It is therefore not enough to find that a reasonable jury could believe a particular fact to be true based on the evidence presented. Rather, the evidence must be sufficient to allow the jury to find all elements of the offense beyond a reasonable doubt.
This too is a strict standard. As the jury in this case was instructed, beyond a *924 reasonable doubt requires “proof of such convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.” Tr. at 523; see Eighth CiR. Model JuRY Instructions 12.02 (rev.2014). Reasonable doubt is “a doubt based upon reason and common sense,” and is “the kind of doubt that would make a reasonable person hesitate to act” in the most important of their own affairs. United States v. Knight, 547 F.2d 75, 77 (8th Cir.1976). This high standard of proof corresponds to the extraordinarily high stakes of a criminal prosecution, and is “bottomed on a fundamental value judgment of our society that it is far worse to convict an innocent man than to let a guilty man go free.” In re Winship, 397 U.S. 358, 372, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring).
Despite proper instruction on this critical standard, a “jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). I believe that to be the case here. In order to conclude that White was guilty of assaulting A.W., the jury would have had to find that White suddenly, inexplicably, and intentionally shook A.W. during the short 10-minute period that they were alone together on the night of August 30, 2013. The jury would have had to find that both the type of injury A.W. suffered and the timing of that injury meant that the injury must have been inflicted by White in that 10-minute period. The jury would have to arrive at this conclusion despite the fact that circumstantial evidence identified other possible causes of the injury to A.W. The jury would also have had to conclude that White assaulted A.W. despite the un-controverted evidence that White had' no history of violent behavior toward his two children and three step-children.
As the district court noted, a jury’s verdict should be overturned if there is a lack of proof beyond a reasonable doubt of even one element of the charged offense. United States v. Frausto, 616 F.3d 767, 772 (8th Cir.2010). Here, the only evidence that White assaulted A.W. is circumstantial, and the jury’s conclusion that White intentionally assaulted A.W. requires an inference without a sufficient evidentiary basis. A reasonable jury could believe that White may have assaulted his son, probably assaulted his son, or even very likely assaulted his son. But to find White guilty, the jury must find beyond a reasonable doubt that White intentionally committed the assault. Even construing all the medical and other circumstantial evidence in favor of the jury’s verdict, I believe that no reasonable jury could conclude beyond a reasonable doubt that White intentionally assaulted A.W.
Both this court and the district court have carefully and conscientiously reviewed the evidence in this very sad case. There is no doubt that this is a close case, and that the jury was required to make a series of difficult decisions with regard to the credibility and weight of the evidence. Viewing all the evidence in the light most favorable to the jury’s verdict and drawing all favorable inferences in favor of the verdict, however, I agree with the district court: I cannot conclude that a reasonable jury could have' found White guilty beyond a reasonable doubt. Accordingly, I respectfully dissent.