**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

VERNON MCFATRIDGE,

    Defendant-Appellant.

No. 96-6226
(D.C. No. CR-96-10-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, HOLLOWAY,** and **EBEL,** Circuit Judges.

    Defendant-Appellant Vernon McFatridge appeals from his conviction on Count 2 of

a two-count indictment for being a felon in knowing possession of a firearm in violation of

18 U.S.C. § 922(g)(1).[1] He was sentenced to 120 months' imprisonment on that count, with

a special assessment of $50.00 and three years of supervised release. He argues that the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Count 1 charged knowing possession of a firearm, a Lorcin model L 380, .38 caliber semiautomatic pistol in and affecting interstate commerce, after defendant's conviction of a crime punishable by imprisonment for more than one year. Defendant was acquitted on that count. In Count 2, defendant was charged with similar possession, after a conviction, of one Taurus .38 revolver and one FMJ model D caliber .410/.45 single shot handgun. Defendant was convicted on Count 2, which is the subject of this appeal.

district court erred in denying his motion to suppress evidence and in admitting evidence concerning two baggies found near him at the time of his arrest. He also challenges the sufficiency of the evidence for his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court on all these issues.

## I

On August 25, 1995, just before 9 p.m., McFatridge was riding as a passenger in a white pickup truck in Meeker, Oklahoma. As the truck passed by him, Officer Crum noticed that the tag light was out. II R. at 5.[2] He caught up to the truck and turned on his flashing lights to pull it over; however, the truck continued driving for about 300 yards before turning into a private driveway in a trailer park and stopping there. Id. at 7.

The driver exited the truck and came towards the patrol car until Officer Crum told the man to stay where he was. Id. at 8-9. Officer Crum approached the passenger side of the truck, where McFatridge was seated. According to Officer Crum, McFatridge was attempting to cover up a Taurus .38 revolver. Id. at 9. When McFatridge moved his hand toward the gun, Officer Crum drew his firearm and told McFatridge to exit slowly and walk to the back of the truck. Officer Crum then asked his passenger, Scott Armitage, a volunteer fire fighter for the City of Meeker, to step out and watch McFatridge. Id. at 10-11.

Officer Crum retrieved the Taurus revolver from the pickup truck and returned to his

_____

[2]Volume II of the record is the transcript of the evidentiary hearing held on March 6, 1996, on the defendant's motion to suppress evidence.

patrol car to check the serial number of the gun. At that point, the Sheriff's Office informed him that the license tag on the truck had expired more than four years ago, in April 1991. Id. at 12. Officer Crum took another look at the license plate on the truck and saw that it had a 1995 decal sticker. When he ran the decal number through the Sheriff's Office, it turned out that the decal number belonged to 1978 Camaro. Id. at 14. Officer Crum decided to impound the car pursuant to a state statute for having license tags more than 90 days in expiration. Id. at 15.

At this point, the driver stated that he was worried about the battery of the truck running down. Officer Crum looked inside the truck to turn the ignition off and noticed that there was no key in the ignition. He also noticed a second firearm lodged underneath the driver's seat. Id. at 17. Officer Crum then handcuffed both the driver and McFatridge and began to inventory the contents of the truck. Near the truck he found two baggies, one centered in the doorway of the pickup on the passenger side and one by where the rear door is. From his training and experience Crum said "it was my belief at that time that there was methamphetamine in the bag . . . on the ground." Id. at 20. Crum saw a black fanny pack behind the sliding rear window of the pickup. Id. at 18. In the fanny pack you could partially see some crumbs and residue in a bag that also appeared to be methamphetamine. Id. at 20. According to Armitage, McFatridge dropped two baggies on the ground when he exited the truck. Id. at 20.

Officer Crum then requested a canine unit, which arrived about 45 minutes later. Id.

3

at 21. Officer Weeks examined the baggies and agreed that they probably contained methamphetamines. While checking the truck over to make sure there would not be anything harmful to the drug sniffing dog, Officer Weeks discovered a third firearm, a .410/.45 FMJ pistol, underneath the passenger seat. Id. at 22.

Both the driver, McCarroll, and McFatridge were arrested, and McFatridge was subsequently indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count 1 stemmed from a separate incident in 1994. Count 2 charged McFatridge with possession of the Taurus .38 revolver and the FMJ pistol. I R. at 1/17/96 Indictment. The jury acquitted McFatridge on Count 1 but convicted him on Count 2 as to both firearms. I R. at Ex. 48 (jury verdict).

## II

On appeal, McFatridge raises three issues. First, he argues that the district court erred in denying his motion to suppress evidence taken from the pickup truck. Second, he argues that there was insufficient evidence to support his conviction. Third, he argues that the district court erred in admitting evidence of the drug bags against him.

## A

We review the ultimate reasonableness of a search de novo, but we accept the district court's findings of fact unless they are clearly erroneous. United States v. Chatman, 994 F.2d 1510, 1514 (10th Cir.), cert. denied, 510 U.S. 883 (1993).

McFatridge concedes that the initial stop of the vehicle for having no tag light and the

4

seizure of the .38 Taurus in plain view were both legal. Appellant's Brief at 8. However, he challenges the subsequent inventory searches of the pickup by Officers Crum and Weeks. According to McFatridge, Officer Crum's search was not pursuant to policies and procedures regarding impoundment, and there was no probable cause to support Officer Weeks' search because McFatridge and McCarroll, the driver, were out of the truck.

We disagree and find no error in the district court's ruling concerning the inventory searches. The relevant police policy regarding impoundment was that "[a] vehicle may be impounded by an officer in accordance with state statutes and local ordinances." See II R. at 70. The applicable statute, 47 O.S. 1991 § 1115.1, states in relevant part:

> After ninety (90) days from the expiration date for annual registration of a vehicle, it shall be the duty of the Oklahoma Tax Commission, Department of Public Safety, county sheriffs, and all other duly authorized peace officers of this state to seize and take into custody every vehicle owned within this state not bearing or displaying a proper license plate required by the Oklahoma Vehicle License and Registration Act.

At the suppression hearing, Officer Crum testified that the registration on the truck had expired in April 1991, which was well more than ninety days before August 25, 1995. II R. at 12-14. Under the statute, Officer Crum was required to impound the pickup truck. Once the vehicle was properly impounded pursuant to statute, Officer Crum was entitled to conduct a warrantless inventory search. See Colorado v. Bertine, 479 U.S. 367, 371-76 (1987). There is no evidence that Officer Crum engaged in "general rummaging," which is forbidden by the Fourth Amendment. Florida v. Wells, 495 U.S. 1, 4 (1990). Instead, the

5

evidence presented to the district court was that Officer Crum inventoried the contents of the car for the protection of the owner's property. See II R. at 41, 59-61.

As to Officer Weeks' search, we have previously held that a police officer may conduct a warrantless search of an automobile "if, under the totality of the circumstances, there is a 'fair probability' that the car contains contraband or evidence." United States v. Nielsen, 9 F.3d 1487, 1489-90 (10th Cir. 1993) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Here the district judge stated her findings as follows:

> THE COURT: Having heard the evidence presented in this case, the Court finds that there was a valid traffic stop; that there was a valid investigatory detention which occurred when Officer Crum observed a gun in plain view on the front seat of the car.

> Those events, coupled with the evidence presented here today that the vehicle was hot-wired and that the vehicle was bearing an expired tag which checked to another individual and that the vehicle in question bore a decal which belonged to another vehicle and that there were two baggies of a substance believed by Officer Crum to be methamphetamine were found outside, but nearby the vehicle in question, and that another gun was found on the floor of the driver's side of the vehicle, sticking out therefrom, all of those events are sufficient, the Court finds, to create probable cause for the warrantless inventory search of this vehicle.

> The Court further finds that all the evidence seized and all statements made in this case are admissible.

> The Motion to Suppress is hereby denied.

II R. at 75-76.

We are satisfied that these findings are not clearly erroneous and that the denial of the motion to suppress was proper.

6

**B**

Next, McFatridge contends that the district court erred in denying his motion for acquittal based on insufficient evidence. We review this ruling de novo. United States v. Grimes, 967 F.2d 1468, 1472 (10th Cir.), cert. denied, 113 S. Ct. 355 (1992).

McFatridge was convicted under 18 U.S.C. § 922(g)(1), which makes it a crime for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to knowingly possess a firearm with a sufficient interstate commerce nexus. To sustain a conviction under § 922(g)(1), "the government must prove that: (1) the defendant was convicted of a felony; (2) the defendant thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994). McFatridge challenges the proof only with regard to the second element. See Appellant's Brief at 10 ("The only issue was whether Mr. McFatridge was in possession of two of those guns.").

McFatridge notes that there was no evidence to show that he owned either firearm or that either firearm was stolen. Instead, he was convicted based on the circumstantial evidence that he was close to the firearms and his actions. Defendant argues that the evidence was insufficient, particularly in light of his testimony that the firearms belonged to someone else, not him; and that while dominion, control and knowledge may be inferred if a defendant has exclusive possession of the property, joint occupancy alone cannot sustain such an inference. Appellant's Brief at 11-12.

7

It is true that in cases of joint occupancy where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show a connection between the defendant and the firearm. United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994). However, here there was sufficient evidence from which a jury could conclude that McFatridge himself was in constructive possession of the firearms, and constructive possession is sufficient for conviction under § 922(g)(1). See United States v. Cardenas, 864 F.2d 1528, 1533 (10th Cir.), cert. denied, 491 U.S. 909 (1989). "A person in constructive possession of an item knowingly holds the power and ability to exercise dominion and control over it . . . . 'In essence, constructive possession is the ability to reduce an object to actual possession.'" United States v. Massey, 687 F.2d 1348, 1354 (10th Cir. 1982) (quoting United States v. Martinez, 588 F.2d 495, 498 (5th Cir. 1979)).

McFatridge testified in his defense. He said he borrowed the pickup from Clint Scrivner about three days before his arrest. IV R. at 350. During that three-day period several people had access to the pickup. Id. at 351. McFatridge said he had been working with Shawn McCarroll moving a bobcat loader on August 21, 1996, and had seen McCarroll with two .38 specials earlier that day. Id. at 339. McFatridge told McCarroll he was not supposed to be around guns and did not want them in the truck. Id. at 341, 344. Prior to the arrest, McFatridge thought McCarroll had dropped the guns off at his house. McFatridge said there was no gun in the seat of the pickup; that he had never tried to cover up one of the pistols with a shirt; and that he did not throw something on the driveway when he left the

8

pickup. Id. at 347, 400. McFatridge denied seeing a gun on the floorboard. Id. at 350. Neither firearm was in his possession. Id. at 350. McFatridge said that until the day he was testifying, he did not know the guns were in the pickup and had never seen them in the pickup. Id. at 341.

Although McFatridge testified that he was unaware of the presence of the firearms, Officer Crum's testimony in effect disputed McFatridge. According to Officer Crum, when he approached the vehicle, "There was, I believe, an old shirt or something, and he [McFatridge] was trying to move it up. The gun was in the center of the bench seat, and he was trying to move the shirt or the -- I believe it was an old shirt, to cover the pistol." III R. at 84 (trial transcript, vol. I). This testimony contradicts McFatridge's contention since it could be inferred that McFatridge must have been aware of the firearm from attempting to cover it up. We resolve conflicting evidence in favor of the government, see United States v. Williamson, 53 F.3d 1500, 1516 (10th Cir.), cert. denied sub nom., Dryden v. United States, 116 S. Ct. 218 (1995), and we are also mindful that the credibility of witnesses is for the jury to evaluate. United States v. Davis, 965 F.2d 804, 811 (10th Cir.), cert. denied, 507 U.S. 910 (1993). Moreover, the fact that McFatridge was attempting to cover up the firearm with clothing is sufficient for an inference that McFatridge had the power to exercise dominion and control over the weapon. See Cardenas, 864 F.2d at 1533 (holding that the placement of a gun inches away from a defendant, combined with the act of concealing the

9

gun behind a potato chip bag, serve as the requisite acts manifesting the defendant's power to exercise dominion and control).

We conclude that there was sufficient evidence from which the jury could have concluded that McFatridge knowingly possessed the firearms, the only element in dispute.

## C

Finally, McFatridge contends that the district court erred in admitting in evidence the fact there were drugs found near him at the time of the search. He objected to the introduction of this evidence under Fed. R. Evid. 401, 403 and 404(b).

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Reddeck, 22 F.3d 1504, 1509 (10th Cir. 1994) (404(b) rulings); United States v. Record, 873 F.2d 1363, 1375 (10th Cir. 1989) (403 rulings). As instructed by the Supreme Court in Huddleston v. United States, 485 U.S. 681, 691-92 (1988), we consider the factors protecting against unfair prejudice: first, the requirement of Rule 404(b) that the evidence be offered for a proper purpose; second, the relevancy requirement of Rule 402 as enforced through Rule 104(b); third, the assessment the trial court must make under Rule 403 to determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and, fourth, Rule 105 which provides that the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted.

First, we turn to McFatridge's Rule 404(b) objection. The rule provides:

10

**(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

McFatridge argues that the district court erred in admitting the evidence of the narcotics because it was used "only for the purpose of showing Mr. McFatridge was a person of bad character," Appellant's Brief at 15, and therefore should have been excluded under Rule 404(b). The government contends that the evidence of the narcotics was used properly and was not actually extrinsic to the crime charged because it was inextricably intertwined with the charged crime so that the witness' testimony would have been confusing and incomplete without mentioning the prior acts, citing United States v. Record, 873 F.2d at 1372 n.5. Brief of Plaintiff-Appellee at 23.

Although we find this to be a close issue, we cannot say that the district court abused its discretion in agreeing with the government. The presence of narcotics near the truck alerted Officer Crum to the need for a police dog to examine the vehicle for further drugs, which in turn resulted in Officer Weeks' search of the car for anything that might be dangerous to the dog before letting the canine go to work. It was during this examination that Officer Weeks found the loaded .410/.45 pistol under the passenger side of the bench seat. We feel that the evidence of the narcotics, therefore, was a necessary part of

11

Officer Crum's testimony, and that his account "would have been confusing and incomplete without mention of the prior act." Record, 873 F.2d at 1372 n.5.

This case is analogous to United States v. Moore, 735 F.2d 289 (8th Cir. 1984), in which the police, while conducting a narcotics raid pursuant to a search warrant, found firearms and drugs near the defendant, who was subsequently charged with being a felon in possession of a firearm. At trial, over the defendant's objection, the district court allowed a police officer to testify that the defendant had been arrested during a drug raid. The Eighth Circuit upheld the admission of the evidence, holding that "[a] jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void -- without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." Id. at 292.

Like Moore, this case involves specific evidence that was inextricably intertwined with the criminal conduct at issue in the trial, and not generalized character allegations of "ongoing investigations," "persons 'involved in criminal activity,'" or "[g]ambling, stolen property, things like that." See United States v. Biswell, 700 F.2d 1310, 1317-19 (10th Cir. 1983) (holding that it was error to admit such testimony under Rule 404(b)). We feel that the district court was within its discretion to admit the evidence about the baggies in the instant case under Rule 404(b).

Next, we deal with the relevancy objection. Fed. R. Evid. 402 states in relevant part that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 401 defines "relevant

evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As discussed above, we feel that the presence of the narcotics was sufficiently related to the discovery of the firearm under the front passenger seat to be relevant to the firearm charge. Hence, we conclude that the district court did not abuse its discretion in rejecting McFatridge's relevancy objection.

Finally, we consider the Rule 403 challenge. Fed. R. Evid. 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We have reviewed the testimony regarding the discovery of the baggies by the truck and we cannot say that the district court abused its discretion in overruling McFatridge's Rule 403 objection to that evidence. Three witnesses provided testimony relating to the baggies. Officer Crum described finding two "baggies" near the passenger side door of the stopped car, III R. at 101, the physical contents of the bags (though he did not identify the substance as methamphetamine), id. at 102, and his asking for a drug detecting canine. Id. at 103. Officer Weeks testified that he arrived on the scene with a drug dog. His testimony was confined, however, to finding the firearm underneath the passenger seat, and he did not provide any evidence regarding the baggies. See id. at 140-43. Finally, Scott Armitage, the passenger riding along with Officer Crum on the night in question, testified that he saw

13

McFatridge drop the two baggies while exiting the car. <u>Id.</u> at 146. He did not, however, testify as to the contents of the baggies.

Given the nature of the testimony and the causal role the baggies played in leading to the finding of the firearm underneath the passenger seat, we conclude that the district court was within its broad discretion, <u>see</u> <u>Record</u>, 873 F.2d at 1375, in overruling McFatridge's Rule 403 objection.

In sum, we find no error in the district court's denial of the motion to suppress, the denial of the motion for judgment of acquittal, and the evidentiary rulings. Accordingly we **AFFIRM** McFatridge's conviction and sentence.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

14