**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vernon McFATRIDGE, Defendant–**
**Appellant.**

**No. 01–6047.**

United States Court of Appeals,
Tenth Circuit.

Aug. 22, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

MURPHY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

mously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Vernon McFatridge's *pro se* request for a certificate of appealability ("COA") and motion for leave to proceed on appeal *in forma pauperis.* McFatridge seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because McFatridge has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss this appeal. *Id.* § 2253(b)(2).

Following a jury trial, McFatridge was convicted of a single count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); he was sentenced to 120 months' imprisonment. This court affirmed his conviction on appeal, *see United States v. McFatridge,* No. 96–6226, 1997 WL 446902 (10th Cir. Aug.7, 1997), and the Supreme Court denied his petition for a writ of certiorari, *see McFatridge v. United States,* 522 U.S. 1020, 118 S.Ct. 612, 139 L.Ed.2d 498 (1997). McFatridge then filed the instant § 2255 motion alleging that he received ineffective assistance of counsel at sentencing and on appeal in the following particulars: (1) counsel should have objected to the use of a 1978 conviction to increase both his offense level and his criminal history category; (2) counsel should have objected to a four-level increase in his offense level pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(b)(5) for possession of the firearm in connection with the possession of a stolen vehicle; and (3) counsel

should have objected to the increase of McFatridge's offense level by two points pursuant to U.S.S.G. § 3C1.1 on the ground that he perjured himself at trial. McFatridge further alleged that the prosecution used perjured and inconsistent testimony to obtain the indictment and conviction.[1]

In a thorough order, the district court examined each of McFatridge's claims and concluded that he was not entitled to relief. In particular, the district court concluded that each of McFatridge's claims, with the exception of the increase of McFatridge's offense level pursuant to § 2K2.1(b)(5), was without merit. As to the § 2K2.1(b)(5) increase, the district court concluded that it constituted error but that, even absent the error, McFatridge's sentence would have remained 120 months' imprisonment. This court has considered McFatridge's appellate brief and request for a COA, the district court's thorough order, and the entire appellate record. Our review demonstrates that the issues McFatridge seeks to raise on appeal are not debatable among jurists, deserving of further proceedings, or subject to a different resolution on appeal. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Thus, McFatridge has not made a "substantial showing of the denial of a constitutional right," and is not entitled to a COA. *See* 28 U.S.C. § 2253(c)(2); *see also McDaniel,* 529 U.S. at 483–84, 120 S.Ct. 1595. Accordingly, this court GRANTS McFatridge's request to proceed *in forma pauperis,* DENIES his request for a COA, and DISMISSES this appeal.

---

1. As noted by the district court, McFatridge supplemented this claim with a claim of ineffective assistance of counsel in order to avoid the application of the procedural bar.