Henry **HARDY**

v.

**UNITED STATES of America.**

No. C.A. 98–524L.

United States District Court,
D. Rhode Island.

June 14, 2000.

**334**

Van L. Hayhow, South Attleboro, MA, for Plaintiff.

Richard W. Rose, U.S. Attorney's Office, Providence, RI, for defendant.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

Petitioner, Henry Hardy, seeks relief pursuant to 28 U.S.C. § 2255. For the

reasons set forth below, the motion is denied.

*Facts and Travel*

Petitioner was convicted by a jury on June 7, 1996, of one count of violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. That conviction resulted from Hardy's possession of a .357 Magnum. Hardy was acquitted on the other two counts of the indictment which charged possession of a .32 caliber, double-barrel Derringer in violation of § 922(g)(1) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).

Hardy's arrest and indictment followed a search of Hardy's residence. In January 1996, Hardy and his niece, Robin Johnson,[1] were residing in a first-floor apartment of a multi-unit building located at 10–12 Morton Street, Providence, Rhode Island. On January 23, 1996, members of the Providence Police Department executed a search warrant for the first-floor premises.

As police officers entered the apartment, an officer who was stationed at the rear of the building heard someone running down a flight of stairs. Shortly thereafter, the officer observed Hardy coming up from the basement.

A search of the basement ensued. The .357 Magnum was found, unloaded, secreted in the ceiling. Nearby, the police found drug packaging equipment and supplies, also hidden in the basement ceiling. In Hardy's first-floor bedroom, officers recovered "crack" cocaine, a loaded .32 Derringer pistol, currency and .357 Magnum ammunition.

Hardy and Johnson were arrested and taken to the Providence police station. There, Hardy signed a confession in which he, *inter alia*, admitted that he was "holding" the .357 Magnum for someone else

---

1. At various times, Hardy alternately refers to Johnson as his "niece," "great grandniece," and "great-great grandniece."

and that he had personally hidden the weapon in the basement ceiling.

Following his conviction, Hardy made a motion for judgment of acquittal or, in the alternative, for a new trial. That motion was denied. Thereafter, in August, 1996, Hardy was sentenced to 180 months (15 years) of imprisonment and 60 months (5 years) of supervised release. In imposing that sentence, the Court departed downward from the guideline range of 237 to 262 months as calculated under the United State Sentencing Guidelines. Hardy was 73 years old at the time. In addition, the Court imposed a $50.00 special assessment. Hardy's conviction was summarily affirmed on appeal by the First Circuit. A copy of that short opinion is attached as Appendix A.

Thereafter, Hardy filed the instant motion to vacate, set aside or correct sentence. Initially, Hardy proffered two grounds in support of his motion. Both claims alleged that defense counsel's representation of him had been deficient. Specifically, petitioner faulted his attorney for not calling Johnson as a trial witness. Hardy contended that Johnson would have testified that the .357 Magnum belonged to her boyfriend; that Hardy had not hidden the gun in the basement; and, that Hardy had no knowledge of the gun's location.

Hardy also alleged that counsel was deficient in failing to move to suppress the evidence seized during the search of the apartment and basement. Hardy contends that the search violated his Fourth Amendment rights.

Following the government's filing of an objection to the § 2255 motion, Hardy submitted a "supplemental" memorandum in which he alleged that his confession was not voluntary, knowing or intelligently made. Additionally, Hardy contended that defense counsel, through coercion, prevented him from testifying in his own defense at trial. Hardy contends that he informed his attorney of his intent to testify but that counsel threatened to withdraw as counsel if Hardy took the stand.

Subsequently, Hardy submitted a separate § 2255 motion in which he alleged that he was improperly sentenced as an "armed career criminal" pursuant to 18 U.S.C. § 924(e). Hardy contends that, at the time of sentencing, and contrary to the requirements of § 18 U.S.C. § 924(e), he did not have three or more previous convictions for a "violent felony" or a "serious drug offense". This bald-faced claim was made despite the fact that the Presentence Report established that he had eight (8) prior felony drug convictions and two (2) robbery convictions over his long criminal career dating back to 1946.

The Court scheduled the matter for evidentiary hearing and counsel was appointed for petitioner. An evidentiary hearing was conducted on September 1, 1999. At the conclusion of the hearing, the Court took the matter under advisement and directed the parties to submit post-hearing memoranda. The memoranda have been submitted and the matter is now in order for decision.

*Discussion*

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 is not a substitute for direct appeal. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Generally, a movant is procedurally precluded from obtaining § 2255 review of issues not presented on direct appeal absent a showing of both

"cause" for the default and "prejudice" or, alternatively, that he is "actually innocent" of the offenses for which he was convicted. *E.g., Brache v. United States,* 165 F.3d 99, 102 (1st Cir.1999). Normally, claims of ineffective assistance of counsel not are not subject to this procedural hurdle. *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994). *See Brien v. United States,* 695 F.2d 10, 14 n. 6 (1st Cir.1982) (recognizing that there may be circumstances in which the cause and prejudice standard applies to ineffective assistance claims).

On direct appeal, Hardy did not pursue his challenge to his sentencing as an armed career criminal. Accordingly, at the evidentiary hearing the Court opined that Hardy was procedurally precluded from pursuing such a challenge in the instant § 2255 proceeding. However, the Court invited petitioner's counsel to address the procedural issue in Hardy's post-hearing memorandum.

Counsel did not do so. In fact, petitioner has not proffered any explanation, i.e. "cause", for his failure to pursue the sentencing issue in the course of his direct appeal.

Similarly, Hardy has not shown that he was "actually innocent" of the crime for which he was convicted. " 'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (*citing Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). That is, petitioner must "demonstrate that, in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal citations omitted). Hardy cannot so demonstrate since the evidence adduced at trial provides overwhelming proof of his guilt of the charge on which he was convicted.

■ Hardy also contends that his written confession, made on the date of the search and his arrest, was coerced, in violation of his rights under the Fifth Amendment to the United States Constitution. At trial, defense counsel objected to the admission of the confession on the ground that the confession had not been voluntarily made. In the absence of the jury, the Court conducted a hearing on the issue of voluntariness. At that time, Hardy testified, *inter alia,* that he had confessed in an effort to protect Johnson, who he feared, if charged with a crime would lose custody of her child.

At the conclusion of that hearing, the Court determined that the confession had been knowingly and voluntarily made by Hardy, with a full understanding by him of his rights to remain silent and to have a lawyer present during questioning. In so concluding, the Court noted that Hardy's motive for executing the confession was of no consequence to a determination of whether the statement was voluntary. Rather, Hardy's reasons for admitting guilt were relevant to the jury's assessment of the weight to be given to the confession. Thus, the Court allowed Hardy's confession to be admitted into evidence.

On appeal, Hardy did not challenge the admission of his confession into evidence. Accordingly, he may not pursue the matter in the instant proceeding absent a showing of "cause" and "prejudice". Hardy has failed to proffer any factual allegations, which, if proven, would demonstrate "cause" for his failure to present the voluntariness issue on appeal. Moreover, Hardy was not prejudiced by the admission of his confession into evidence. Rather, there was substantial evidence from which the jury could conclude that Hardy possessed the .357 Magnum. The evidence adduced at trial included that ammunition for such a weapon had been found in Hardy's first-floor bedroom and that Hardy had been observed exiting the basement prior to the discovery of the gun.

Hardy's remaining § 2255 claims pertain to the alleged inadequacy of defense counsel's representation. The Sixth Amend-

ment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). A defendant alleging ineffective assistance of counsel must demonstrate both that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced by the attorney's deficient performance. *Id.* at 687, 104 S.Ct. 2052.

■ The adequacy of a defense attorney's representation is evaluated from counsel's perspective as of the time of trial and pursuant to a deferential standard. Specifically, "[the] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* at 689, 104 S.Ct. 2052 (*quoting Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

The "prejudice" prong of the *Strickland* standard requires that the defendant demonstrate that there is a reasonable probability that, but for the attorney's deficient representation, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

■ Hardy faults his former attorney for failing to call Johnson, and certain other individuals, as witnesses at trial.[2] Hardy contends that Johnson's testimony would have been exculpatory in that she would have testified that Hardy neither owned nor possessed the .357 Magnum and

that he had no knowledge of its location. Also, Hardy alleges that Johnson would have testified as to the falsity of petitioner's confession and would have acknowledged that the bedroom in which the .357 ammunition was found was, in fact, her room. The latter assertion is hardly credible since that bedroom was under lock and key and Hardy had the only key.

In support of his contention that Johnson's testimony would have been exculpatory, Hardy proffers an affidavit signed by Johnson. Johnson did not testify at the § 2255 hearing but her affidavit was admitted into evidence as a full exhibit. However, Johnson's affidavit makes no mention of the .357 Magnum and, therefore, lends no support to petitioner's claim that he did not possess that weapon, or that Johnson would have so testified at trial. In view of the paucity of Johnson's affidavit concerning the one count on which Hardy was convicted, petitioner has failed to demonstrate either that his defense counsel acted unreasonably in not calling Johnson as a trial witness, or that petitioner was prejudiced by the attorney's decision.[3]

Hardy asserts that defense counsel prevented him from testifying in his own defense at trial despite his clear expression of his wish to do so. In substance, Hardy asserts that counsel "coerced" him into waiving his right to testify. "Coercion" is a refrain frequently sounded by Hardy in his attempts to avoid criminal liability. In any event, Hardy has failed to demonstrate that his decision to not testify was other than voluntarily, although perhaps reluctantly, made.

■ "Unaccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right". *Lema v. United States*, 987 F.2d 48, 52 (1st Cir.1993) (*citing United States v. Teague*, 953 F.2d

---

2. At the evidentiary hearing on the § 2255 motion, Hardy testified that other potential defense witnesses included his sister, Sarah Robinson, and the owners of the apartment building.

3. Additionally, Hardy has failed to present any evidence in support of his contention that his other proposed witnesses would have provided exculpatory testimony.

1525 (11th Cir.1992) and *Rogers–Bey v. Lane,* 896 F.2d 279 (7th Cir.1990)). In distinguishing between "coercion" and "earnest counseling," relevant factors include: (1) whether the defendant was aware of his constitutional right to testify; (2) the competence and soundness of defense counsel's advice; and (3) any intimidation or threats by counsel relating to defendant's exercise of his right to testify. *Id.* at 52–53 (internal citations omitted).

■ At the § 2255 hearing, Hardy testified that, during trial, he informed his defense counsel that he wished to testify in his own defense. Hardy recollects that his attorney advised him against doing so. In so advising petitioner, defense counsel cautioned that, if Hardy took the stand, his prior criminal convictions might be revealed to the jury. Apparently after some discussion, Hardy told his attorney that he still wanted to testify. At that point, petitioner alleges that his attorney threatened to withdraw as defense counsel if Hardy did so.

It is clear from Hardy's § 2255 hearing testimony that petitioner was aware of his right to testify in his own defense. In fact, in view of Hardy's lengthy criminal record, petitioner was no doubt fully aware of the workings of the criminal justice system.

Moreover, having observed Hardy's demeanor and listened to his testimony, both during the at-trial hearing on the voluntariness of his confession and in the course of the § 2255 hearing, the Court rejects, as not credible, Hardy's assertion that defense counsel threatened to withdraw if Hardy exercised his right to testify in his own defense. Rather, the Court views Hardy's claim of coercion as nothing more than a desperate, eleventh-hour attempt to avoid serving a lengthy prison sentence (what amounts to a life sentence in this case). Although Hardy may have been dissatisfied with counsel's recommendation, he accepted it, albeit reluctantly.

Further, defense counsel's advice that Hardy not testify in the jury's presence was entirely reasonable. If he had testified, Hardy would have risked that the jury would learn of his extensive criminal background (he has no less than 24 convictions on his record). Moreover, Hardy admits that the derringer was his and that he would have so testified. Thus, had Hardy testified before the jury, he would have admitted guilt of one of the counts on which he was later acquitted. When he advised Hardy not to testify, defense counsel was aware of this danger since Hardy already had informed the lawyer that he owned the derringer.

Finally, petitioner faults defense counsel for failing to move to suppress the evidence seized during the search of his apartment and the basement. This argument merits little discussion. Hardy contends that the search warrant authorizing the search of his apartment was invalid. Specifically, petitioner argues that the state court's issuance of the warrant was not supported by sufficient evidence of probable cause. However, a review of the complaint and affidavit proffered in support of the warrant application demonstrate to the contrary. Thus, defense counsel did not act unreasonably in failing to pursue such a claim.

■ The search warrant did not specifically identify the basement of the apartment building as a place to be searched. Thus, Hardy faults defense counsel for failing to move to suppress the evidence, including the .357 Magnum, recovered from the basement. However, as a tenant in a multi-unit apartment building, Hardy lacked a reasonable expectation of privacy in any of the building's common areas, including the basement. *See United States v. Hawkins,* 139 F.3d 29, 32–33 (1st Cir.), *cert. denied,* 525 U.S. 1029, 119 S.Ct. 566, 142 L.Ed.2d 472 (1998). Therefore, counsel was not required to pursue such a futile argument. *See Vieux v. Pepe,* 184 F.3d 59, 64 (1st Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1178, 145 L.Ed.2d 1086 (2000).

*Conclusion*

Accordingly, for the above reasons, the motion of the petitioner, Henry Hardy, to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

### APPENDIX A

United States Court of Appeals
for the First Circuit

No. 96-2045

United States, Appellee,

v.

Henry Hardy, Defendant, Appellant.

Appeal from the United States District Court
for the District of Rhode Island

Hon. Ronald R. Lagueux,
U.S. District Judge

Before Torruella, Chief Judge, Boudin and Stahl, Circuit Judges.

David A. Schechter, [Providence, RI,] on brief for appellant.

Sheldon Whitehouse, United States Attorney, and Richard W. Rose, Assistant United States Attorney, [Providence, RI,] on brief for appellee.

August 19, 1997

Per Curiam.

Defendant Henry Hardy appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Finding that the appeal presents no substantial question, we summarily affirm. *See* Local Rule 27.1.

1. The government presented sufficient evidence to corroborate defendant's confession. *See United States v. Singleterry,* 29 F.3d 733, 737 (1st Cir.1994) ("a jury cannot rely on an extrajudicial, post-offense confession, even when voluntary, in the absence of 'substantial independent evidence which would tend to establish the trustworthiness of [the] statement' ") (citation omitted). First, ammunition matching the gun was found in a room in the apartment which the evidence showed belonged to defendant. Second, just moments prior to his apprehension by the police, defendant was observed exiting the basement where the gun was hidden. Finally, defendant was able to identify where the police had found the gun. These facts directly connect defendant to the weapon. *Cf. United States v. Ybarra,* 70 F.3d 362, 365–66 (5th Cir.1995), *cert. denied,* 517 U.S. 1174, 116 S.Ct. 1582, 134 L.Ed.2d 679 (1996); *United States v. Moore,* 735 F.2d 289, 293 (8th Cir.1984) (per curiam).

2. Of course, the government still must prove the offense. That is, the evidence as a whole "taken in the light most flattering to the prosecution, together with all reasonable inferences favorable to it, [must] permit [ ] a rational jury to find each essential element of the crime charged beyond a reasonable doubt...." *United States v. Olbres,* 61 F.3d 967, 970 (1st Cir.), *cert. denied,* 516 U.S. 991, 116 S.Ct. 522, 133 L.Ed.2d 430 (1995). Possession of a firearm for purposes of § 922(g)(1) can be either actual or constructive. *United States v. Powell,* 50 F.3d 94, 100 (1st Cir. 1995). "Constructive possession is commonly defined as the power and intention to exercise control, or dominion and control, over an object not in one's actual possession." *United States v. Rogers,* 41 F.3d 25, 30 (1st Cir.1994) (internal quotation marks and citation omitted).

Here, defendant stated that he was given the gun to "hold," that he had hid it in the basement, and that it was his. The combination of these admissions, the ammunition found in his room which matched the gun, and his proximity to the gun at the time of his arrest is sufficient to establish that defendant was in possession of the .357 Magnum revolver. *See Ybarra,* 70 F.3d at 365–66; *Rogers,* 41 F.3d at 31.

We therefore affirm the trial court's denial of defendant's motion for a judgment of acquittal under Fed. R. Crim. P. 29.

Because there has been no miscarriage of justice, we also find that the district court did not abuse its discretion in denying defendant's motion for a new trial. *See United States v. Andrade,* 94 F.3d 9, 14 (1st Cir.1996).

*Affirmed.*